### PEOPLE *vs.* PATRICK CUNNINGHAM.

It is not essential, as a matter affecting the jurisdiction of the Court, that it should appear affirmatively that the respondent has had or waived an examination.

*Bay Circuit, April,* 1870.

*Isaac Marston,* Prosecuting Attorney.

*Grier & McDonell,* for the Respondent.

Information for burglary.

On the information being read to the respondent, his counsel objected to his being required to plead, because there is no return of the examining magistrate showing, and it does not otherwise appear, that he has had or waived an examination.

*By the Court*, SUTHERLAND, J.—This Court has general criminal jurisdiction, and as prosecutions are, in general by information, such cases are not special proceedings. It is therefore not necessary, in order to show that the prosecuting attorney has a right to file an information against a person in custody, that he should first prove that the essential preliminary proceedings have been had. They are presumed until the defendant disputes them by affidavit or plea in abatement. *Washburn vs. People*, 10 *Mich.*, 372. The accused is delivered over to this Court by the magistrate's warrant to commit for trial, or by the recognizance. In this manner the case is regularly brought into this Court; by this course or routine, prescribed by statute, the prisoner is brought under the jurisdiction of this Court in respect to the charge stated in the warrant or recognizance. He is brought in to be arraigned or called on his recognizance for that purpose, without any other recorded proceeding than the filing of an information.

As there has been no showing that overcomes the legal presumption that the defendant has had or waived an examination, his objection to pleading is overruled.